UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                         Case No. 06-CR-264

BALDOMERO CASTILLO and
MICHAEL CORNELIUS,

        Defendants.

## RECOMMENDATIONS AND ORDER

On October 17, 2006 the grand jury returned a two count indictment alleging in count one that Michael Cornelius ("Cornelius") possessed with intent to distribute more than five grams of crack cocaine in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2, and in count two that Baldomero Castillo ("Castillo") possessed with intent to distribute more than five grams of crack cocaine in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2.

On July 30, 2007, a jury trial commenced against both defendants. On the second day of the jury trial, the court declared a mistrial after a juror was observed nodding off and the bailiff reported that the juror stated she gets tired after sitting for extended periods of time. The jury trial was re-scheduled for October 22, 2007 and then re-scheduled to October 23, 2007. This date remains in effect.

On August 7, 2007, the grand jury returned a superseding indictment against both defendants alleging in count one that Cornelius and Castillo conspired to distributed more than fifty

grams of crack cocaine, possessed with intent to distribute more than five grams of crack cocaine in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 846, and Title 18, United States Code, Section 2, in count two that Cornelius and Castillo possessed with intent to distribute more than five grams of crack cocaine in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2 and in count three that Castillo possessed with intent to distribute more than five grams of crack cocaine in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2. The net effect of the superseding indictment was to add an additional charge against both defendants, (Superseding indictment count 1), and to add Castillo to the count that Cornelius had been charged with in the original indictment, (Superseding indictment count 2).

At the defendants' arraignment on the superseding indictment, both defendants objected to the superseding indictment on the basis of vindictive prosecution. Both defendants have promptly filed motions to dismiss the superseding indictment, and both have requested evidentiary hearings.

On September 7, 2007, this court found that the defendants' presented a "colorable basis" that the superseding indictment was the result of prosecutorial vindictiveness, see United States v. Cooper, 461 F.3d 850, 856 (7th Cir. 2006), and therefore the court granted the defendants requests for grand jury transcripts and the statements of cooperating witnesses. The court also provided the defendants the opportunity to supplement their motions for evidentiary hearings based upon information contained in this new discovery. (Docket No. 76.) Castillo has supplemented his motion. Cornelius failed to supplement his motion but nonetheless filed a reply. This filing is inconsistent with the court's order and potentially prejudicial to the government in that it provides Cornelius the opportunity to raise arguments without providing the government any opportunity to respond. Further, in light of the fact that Cornelius failed to file an initial brief, the government did not respond. Absent a government response, there is no reason to reply. However, having received

2

no objection to Cornelius' improper reply, the court shall accept it. The pleadings on these motions are closed and ready for resolution.

**MOTION TO DISMISS FOR VINDICTIVE PROSECUTION**

"The Fifth Amendment has been interpreted to prohibit the government from prosecuting a defendant because of some specific animus or ill will on the prosecutor's part, or to punish the defendant for exercising a legally protected statutory or constitutional right." United States v. Benson, 941 F.2d 598, 611 (7th Cir. 1991) (citing United States v. Goodwin, 457 U.S. 368, 372, (1982); United States v. DeMichael, 692 F.2d 1059, 1061-62 (7th Cir. 1982); United States v. Adams, 870 F.2d 1140, 1145 (6th Cir. 1989)). "To be entitled to a hearing on a claim of vindictive prosecution, the defendant must offer sufficient evidence to raise a reasonable doubt that the government acted properly in seeking the indictment." United States v. Heidecke, 900 F.2d 1155, 1160 (7th Cir. 1990) (citing United States v. Napue, 834 F.2d 1311, 1329 (7th Cir. 1987)). "To create reasonable doubt regarding prosecutorial motivations before trial, the defendant 'must affirmatively show through objective evidence that the prosecutorial conduct at issue was motivated by some form of prosecutorial animus, such as a personal stake in the outcome of the case or an attempt to seek self-vindication.'" United States v. Cooper, 461 F.3d 850, 856 (7th Cir. 2006) (quoting United States v. Falcon, 347 F.3d 1000, 1004 (7th Cir. 2003)). A lower standard applies when a defendant seeks only discovery regarding the government's motive for obtaining an indictment. Id. at 1159. When a defendant simply seeks discovery regarding the government's motivation, the defendant must present a "colorable basis" to conclude that the government acted with an improper vindictive motive. Id. "A colorable basis is some evidence tending to show the essential elements of the claim." Id. (citing United States v. Mitchell, 778 F.2d 1271, 1277 (7th Cir. 1985); United States v. Berrios, 501 F.2d 1207, 1211 (2d Cir. 1974)).

"[A] prosecutor's pretrial decisions, including the choice to seek increased or additional charges, are presumed valid." Falcon, 347 F.3d at 1004. However, there may be certain limited circumstances, particularly when a prosecutor acts following a trial, where a defendant may be entitled to a presumption of vindictiveness. Id. at 1005.

When this court initially reviewed the defendants' claims of vindictive prosecution, essentially the only evidence of vindictiveness the defendants presented was the timing of the superseding indictment and specifically the fact that it came soon after a mistrial was declared. If the defendants' motions came in the pretrial stage and after the defendants' exercise of procedural rights, suspicious timing alone would be insufficient to indicate prosecutorial animus. Id. However, the court must view differently a prosecutor's actions that come following the initiation of a jury trial that resulted in a mistrial. Therefore, the court granted the defendants' motions for discovery. In so doing, the court rejected the defendants' claims that they were entitled to dismissal of the indictment based upon the facts presented. The court simply permitted the defendants to obtain additional discovery in order to evaluate whether any additional facts existed to support their claims.

In the parties' subsequent submissions, additional facts have been presented. According to the government, on the morning of the trial in this matter, government counsel advised Judge Randa that, in preparation for trial, additional evidence and witnesses had been uncovered, but due to the late discovery, the government would not seek to introduce most of this new information. (Docket No. 80 at 2.) After the issue with the dozing juror developed, counsel for Castillo, in a discussion with the attorney for the government, raised the possibility that a mistrial may result in the government seeking a superseding indictment based upon its newly discovered evidence. (Docket No. 80 at 3.) Nonetheless, the defendants, not the government, moved for a mistrial. (Docket No. 80

4

at 3.) And, when Judge Randa sought to reschedule the trial for merely six days later, it was the defendants who objected. (Docket No. 80 at 3.)

The court notes that Cornelius's attorney states in his reply that, prior to the mistrial, the government never told defense counsel that it had additional evidence. (Docket No. 87 at 3.) As indicated earlier, counsel for the government states this was presented to Judge Randa on the morning of trial, so whether or not the matter was again discussed at the time of the mistrial motion is of no moment.

The facts presented now in this case do not indicate any degree of vindictiveness on the government's part. Rather, it appears that the government uncovered additional witnesses and evidence in advance of the first trial but was unable to utilize it because of the late discovery. However, when fortuitously presented with the opportunity to obtain a superseding indictment as a result of the defendants' request for a mistrial, combined with the defendants' objections to a prompt retrial, the government chose to utilize its newly discovered evidence.

When events beyond the government's control present the government with an unexpected opportunity to more fully prosecute a defendant for the crimes it has probable cause to believe the defendant committed, the government need not be restrained from exercising its prosecutorial discretion simply because it might be claimed that the action appears vindictive. The defendants have failed to present evidence that the government's actions were in fact vindictive and therefore, the court shall recommend that the defendants' motions to dismiss the superseding indictment be denied.

**CASTILLO'S MOTION TO SUPPRESS**

Castillo seeks suppression of evidence obtained from a residence located at 1558 W. Windlake on the basis that the police entered the residence without a lawful basis. (Docket No. 79 at 1.) The government challenges the defendant's motion as untimely. (Docket No. 84.) Castillo

replies that he has established good cause for failure to timely file the present motion because his "standing" to bring such a motion was at issue previously. Then, at the pre-motion conference required by Crim. L.R. 12.3, the parties stipulated as to Castillo's standing to bring the motion. (Docket No. 85 at 1.) Second, Castillo argues that he should be permitted to file an untimely motion because the government was permitted to disclose certain witnesses late. (Docket No. 85 at 2.) Further, Castillo argues that the motion to suppress is appropriate because the new conspiracy charge involves all of the drugs found in the residence and not just the drugs found in a particular bedroom. (Docket No. 85 at 2.)

On January 12, 2007, this court ordered that all of Castillo's pretrial motions be filed no later than February 1, 2007. (Docket No. 8.) On January 29, 2007, Castillo filed four pretrial motions. (Docket Nos. 11-14.) On February 12, 2007, the government responded, (Docket Nos. 16-18), and on February 13, 2007, Castillo replied, (Docket Nos. 20-21). On February 15, 2007, this court entered an order resolving Castillo's motions. (Docket No. 24.) Under Federal Rule of Criminal Procedure 12(e), "[a] party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides. For good cause, the court may grant relief from waiver."

The court finds that Castillo has failed to demonstrate good cause for his untimely motion to suppress. Therefore, the court shall deny Castillo's request for an evidentiary hearing and recommend that his motion to suppress be denied. The court specifically stated during the defendants' arraignment on the superseding indictment that the motion schedule established applied only to new motions that could not have been brought prior to the superseding indictment. Castillo's motion to suppress clearly could have been brought in accordance with the initial motion schedule that was established in this case, and therefore the motion is untimely.

6

Case 2:06-cr-00264-RTR   Filed 09/26/07   Page 6 of 8   Document 90

The court is not persuaded by the Castillo's argument that his standing to bring a motion to suppress was somehow at issue prior the superseding indictment. Castillo alleges it was only during the required conference pursuant to Criminal L.R. 12.3 that the government stated it was willing to stipulate to Castillo's standing to bring a motion to suppress evidence recovered from the Windlake residence. Notably, however, Castillo does not allege that there was ever a Rule 12.3 conference, or in fact any discussion between the parties, prior to the initial deadline for filing motions, where the government disputed Castillo's standing to bring such a motion. If the defendant had sought to bring the present motion at the appropriate time and in accordance with the earlier briefing schedule, there is absolutely no reason to believe that the government would not have stipulated to the defendant's standing during a Rule 12.3 conference conducted at that time. And if the government refused to stipulate, the absence of a stipulation is certainly not good cause to fail to bring a motion. The absence of a stipulation would simply mean that Castillo would be required to prove the threshold element of standing in addition to any substantive facts in order to obtain suppression.

Second, the court finds no merit in Castillo's argument that the addition of the conspiracy charge in the superseding indictment somehow affected Castillo's ability or interest in bringing the present suppression motion. As Castillo notes, he was previously charged only with the drugs found in a particular bedroom in the residence whereas now, by way of the conspiracy charge, he is charged with all the drugs found in the house. (Docket No. 85 at 2.) Even though more rooms are involved, the challenged actions of the police are the same. In other words, the police discovered the drugs in the bedroom as a result of the same actions that led them to discover all of the other drugs in the house. (See Docket No. 79 at 2-3.) This means that the challenge the defendant would have raised to the propriety of the search that recovered the drugs in the bedroom is essentially the same as the challenge he attempts to raise now, i.e. alleged illegal entry to the residence. Further,

7

there is no merit to any argument that Castillo was somehow not motivated to previously seek suppression of the evidence recovered. The drugs recovered in the bedroom constituted the government's case against Castillo; thus, suppression would have most likely resulted in a dismissal of all charges against Castillo. Therefore, if there was any merit to a motion to suppress, Castillo was required to have brought the motion earlier.

**IT IS THEREFORE RECOMMENDED** that the defendants' motions to dismiss the indictment, (Docket Nos. 68; 69), be **denied**.

**IT IS FURTHER ORDERED** that Castillo's request for an evidentiary hearing, (Docket No. 79), is **denied**.

**IT IS FURTHER RECOMMENDED** that Castillo's motion to suppress, (Docket No. 79), be **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this <u>26th</u> day of September, 2007.

<u>s/AARON E. GOODSTEIN</u>
U.S. Magistrate Judge
