# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        Plaintiff,

    -vs-

**Case No. 06-CR-264**

**BALDOMERO CASTILLO and**
**MICHAEL CORNELIUS,**

        Defendants.

## DECISION AND ORDER

On October 25, 2007, the Court declared a mistrial in the above-captioned matter. On October 29, 2007, Baldomero Castillo ("Castillo") filed papers relating to his motion to dismiss based upon prosecutorial misconduct (double jeopardy) and his motion for bail review. On November 6, 2007, the Court denied Castillo's motion for bail review. On December 14, 2007, the Court denied Castillo's motion to dismiss. Now before the Court are two motions: (1) Castillo's motion to dismiss based upon a violation of the Speedy Trial Act (filed on February 20, 2008); and (2) the government's motion for severance of the defendants (filed on February 29, 2008). For the reasons that follow, Castillo's motion to dismiss is denied, and the motion to sever is granted.

Under the Speedy Trial Act, if a "defendant is to be tried again following a declaration by the trial judge of a mistrial . . . the trial shall commence within *seventy days* from the date the action occasioning the retrial becomes final." 18 U.S.C. § 3161(e) (emphasis added).

The Act provides a laundry list of various "periods of delay" that can be excluded from computing this and other time periods under the Act. *See* 18 U.S.C. § 3161(h)(1)(A-J).

Castillo argues that the only excludable time period runs from October 29 through December 14, the period of time during which Castillo's pretrial motions were pending. *See* § 3161(h)(1)(F) ("delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"). However, the initial excludable time period actually extends back to October 25 when the Court declared a mistrial. The motions that were formally briefed to the Court on October 29 were initially raised before the Court on October 25 in connection with the Court's order of a mistrial. Those motions were denied without prejudice, but it was presumed by the Court and the parties that further briefing of the motions would follow.

More generally, even if the motions were not technically pending during the short period of time between October 25 and October 29, this *case* was still pending and under advisement before the Court. § 3161(h)(1)(J) provides that any delay "reasonably attributable to any period, not to exceed thirty days, *during which any proceeding concerning the defendant is actually under advisement by the court*" is an excludable time period under the Act. During the aforementioned brief time period, this proceeding and all of the issues surrounding the mistrial, the possible re-trial of this case, and the contemplated motions were clearly "under advisement" by the Court.

Accordingly, the entire time period from October 25 through December 14 is excludable under the Act. Also excludable is the time period from February 20, 2008 until

-2-

the present, during which time the instant motion to dismiss and the government's motion for severance have been pending before the Court. *See* § 3161(h)(1)(F). The number of days between December 15 and February 19, inclusive, is only 67 days, so there was no violation of the Speedy Trial Act.

As for the motion to sever, Fed. R. Crim. P. 14(a) provides that if the "joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." As should be clear to the parties at this point, the government seeks to introduce testimony against Castillo that would violate his co-defendant's Sixth Amendment rights under the confrontation clause. *See, e.g., United States v. Banks*, 78 F.3d 1190, 1199 (7th Cir. 1996) ("a defendant is deprived of his rights under the Confrontation Clause when his nontestifying codefendant's confession naming him as a participant in the crime is introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant") (citing *Bruton v. United States*, 391 U.S. 123 (1968)) (vacated on other grounds by *Mills v. United States*, 519 U.S. 990 (1996)). Severance is necessary to ensure that all of the parties receive a fair trial.

Finally, the Court realizes that the speedy trial date for Castillo is about to expire, but the Court's calendar is such that it is unable to accommodate those rights. Therefore, the Court will put Castillo's trial on the calendar as soon as is practicable. *See United States v. Gallardo*, 773 F.2d 1496, 1505 (9th Cir. 1985) (limitation on granting continuance based on

docket congestion does not apply where continuance is only indirectly attributable to docket congestion).  Further, as the Court held when it denied Castillo's previous motion to dismiss, the evidence against Castillo is strong and substantial.  (D. 116).  Therefore, the Court finds that the ends of justice outweigh the interests of the public and the defendant in a speedy trial, and the Court grants a continuance on that basis.  § 3161(h)(8)(A); § 3161(h)(8)(B)(i)(Court shall consider whether failure to grant continuance would result in a miscarriage of justice).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Castillo's motion to dismiss under the Speedy Trial Act [D. 117] is **DENIED**;

2. The government's motion to sever [D. 118] is **GRANTED**; and

3. The Court is prepared to summon a jury to hear this case on March 17, 2008 or April 7, 2008.  Counsels should notify the Court clerk immediately as to their availability.

Dated at Milwaukee, Wisconsin, this 7th day of March, 2008.

             **SO ORDERED,**

             **s/ Rudolph T. Randa**
             **HON. RUDOLPH T. RANDA**
             **Chief Judge**